IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELOISA J. CARRILLO,**

        **Plaintiff,**

**v.**                                                                              **CIV No. 09-0358 LAM**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SECTION 406(b)(1) ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for an Order Authorizing Attorney Fees With Supporting Memorandum (Doc. 34)*, filed on November 12, 2010. Defendant filed *Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney Fees, With Supporting Memorandum (Doc. 35)*, on November 23, 2010, stating that "the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, as he is not the true party in interest." [*Doc. 35* at 1]. Plaintiff filed her *Reply to Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees (Doc. 36)* on November 30, 2010. Having considered the motion, response, reply, relevant law, the record in this case, and being otherwise fully advised, the Court makes the findings set forth below and orders that the motion be **GRANTED**.

**FINDINGS**

The Court makes the following findings in connection with the motion:

1.	Plaintiff filed this action on April 13, 2009, after receiving a final decision from the Social Security Administration (hereinafter "SSA") denying her claims for disability insurance benefits. [*Doc. 1*]. On February 17, 2010, Defendant filed an unopposed motion to remand this case "pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." [*Doc. 28* at 1]. On February 18, 2010, the Court entered an order granting the unopposed motion to remand and a final judgment in this case. [*Docs. 29* and *30*, respectively].

2.	On March 22, 2010, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter, "EAJA"), in the amount of $4,262.20. [*Doc. 33*].

3.	Plaintiff received a favorable decision from the SSA on October 13, 2010. [*Doc. 34-1* at 1]. The Notice of Award, issued October 27, 2010, states that Plaintiff will be paid disability benefits from September 2004 forward. [*Doc. 34-2* at 1]. The SSA states that $18,744.63 was withheld from Plaintiff's past-due benefits to pay Plaintiff's counsel for their work at the United States District Court level, and that the SSA is "withholding the balance of $12,774.63 in order to pay any possible court costs and fees." *Id.* at 4. Plaintiff's counsel states that the Commissioner paid them $5,917.00 for their services at the administrative level pursuant to 42 U.S.C. § 406(a) ("$6,000.00 minus the $83.00 user fee"). [*Doc. 34* at 2], *see also* [*Doc. 34-2* at 3]..

4.	Plaintiff's counsel states that "[t]he Award Notice incorrectly states pursuant to the Martone Law Firm's fee agreement with Ms. Carrillo, 'the lawyer cannot charge [Ms. Carrillo] more than $6,000.00 for his or her work,'" and that this misstatement "can lead to grave misunderstandings between the Martone Law Firm and their clients." [*Doc. 34* at 2, n.1] (quoting

2

the Notice of Award, [*Doc. 34-2* at 3]). Plaintiff's counsel states that "[i]t would be helpful to the Martone Law Firm in these cases for this Court to recognize that the language quoted above is incorrect and misleading." [*Doc. 34* at 2, n.1]. Upon review of the fee agreement [*Doc. 34-3*], the Court agrees with Plaintiff's counsel that the statement in the SSA's Notice of Award is not entirely correct. The fee agreement states that the fee award is limited to $6,000.00 if the "case is won and benefits are awarded before an appeal to the Appeals Council," [*Doc. 34-3* at 1]; however the fee agreement also states that if Plaintiff's case goes to the United States District Court, and she receives benefits, that the "Martone Law Firm may apply to the court for attorney fees for legal services performed in court," and that "[t]his amount is in addition to the amount paid by Social Security Administration for legal services at the hearing level, but that the total of both fees paid to the Martone Law Firm will never be more than 25% of the past-due benefits." *Id.* The Court, therefore, recognizes that the SSA's statement in the Notice of Award that Plaintiff's counsel cannot charge Plaintiff more than $6,000.00 is correct only when the case is won and benefits are awarded before an appeal to the Appeals Council is taken, but it would be more accurate for the SSA to state that if the case goes to the United States District Court and the plaintiff receives benefits, counsel may apply for attorney fees for legal services performed in court.

    5. Plaintiff's counsel requests Section 406(b)(1) fees in the amount of $12,774.63. [*Doc. 34* at 1]. Defendant states in his response that "the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, because the Commissioner is not the true party in interest." [*Doc. 35* at 1] (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) ("[T]he real parties in interest are their attorneys.")). Defendant states that "the district court is obligated to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement

of yielding a 'reasonable' result in particular cases." [*Doc. 35* at 1] (citing *Gisbrecht*, 535 U.S. at 807).

      6.      Section 406 (b)(1)(A) permits the Court to allow a reasonable fee to a plaintiff's counsel, not to exceed 25% of the past-due benefits awarded to the plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *see also Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). The Court may reduce such attorney's fees where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case." *See Gisbrecht*, 535 U.S. at 808 (citation omitted). Defendant does not contend, nor does the Court see any evidence, that Plaintiff's case was delayed due to the Martone Law Firm's actions,[1] that her counsel's representation was substandard, or that the requested fee outweighs the time counsel spent on this case.

      7.      To recover attorney's fees under Section 406(b)(1), Plaintiff's counsel has the burden of demonstrating that it is reasonable to seek the amount requested in return for the services rendered to Plaintiff. *See Gisbrecht*, 535 U.S. at 807. Counsel for Plaintiff supports their fee request by noting several factors. Counsel states that they "devoted 24.05 hours to the representation of [Plaintiff] in this appeal," and that their efficiency reflects their ability and skill which comes with experience and familiarity with disability cases. [*Doc. 34* at 4]. Counsel states that they "advanced several arguments in this case, which led to the Commissioner's agreement to remand the case for a rehearing." *Id.* Counsel also states that this case was "especially difficult" because, due to the withdrawal of Plaintiff's previous counsel ("based upon the difficulty of the issues"), the Martone

---

[1]The Court notes that Plaintiff's previous counsel filed two unopposed motions for extensions of time to file a motion to reverse or remand the SSA's decision [*Docs. 13* and *16*], before withdrawing as her attorney [*Docs. 15* and *19*], but these delays were not due to the Martone Law Firm. The Martone Law Firm entered an appearance in the case on December 7, 2009 [*Doc. 21*], and filed a motion to remand to the SSA on January 15, 2010 [*Doc. 25*].

Law Firm entered an appearance with only a few weeks remaining "for counsel to learn the facts of [Plaintiff's] case, and to develop the legal theories and present them to this Court." *Id.* at 5. In addition, counsel states that this case was difficult because Plaintiff's "rapidly developing diagnosis led to argument of the 'sentence six' issue, which is one that only a skilled and experienced representative would recognize, given the appellate nature of these cases." *Id.* Counsel notes that Plaintiff "received all of the benefits she claimed on her 2005 application." *Id.* at 5. Counsel further states that they reviewed 703 pages of the administrative record, researched Plaintiff's rare medical condition, and reviewed new records provided by Plaintiff which led to the "sentence six" remand. *Id.* at 6. Counsel also states that "[s]imilar motions [for fee awards] have been granted [in other cases]." *Id.* (citing *Faircloth v. Barnhart*, 398 F. Supp.2d 1169 (D.N.M. 2005), *Pettinger v. Barnhart*, No. Civ. 03-1318 ACT (Order entered April 4, 2006), and *Vento v. Astrue*, No. Civ. 04-741 LFG (Order entered November 26, 2007)). In addition, counsel provides support for their experience, reputation and ability. [*Doc. 34-4* at 1-3].

        8.        The Court agrees that counsel has provided sufficient support to justify their requested award of $12,774.63 under Section 406(b). Plaintiff's contingency fee contract seems reasonable in light of her counsels' skill, the quality of their representation, and the ultimate success of the case. In addition, the hourly rate for counsel would be $531.17 per hour ($12,774.63 divided by 24.05 = $531.17), which is within the range of fees awarded by this Court in the past. *See, e.g., Montes v. Barnhart*, No. 01-CV-578 BB/KBM (D. N.M. 2004) (*Doc. 19* at 3 and *Doc. 22*) (fees awarded under Section 406(b) translated to $761.04 per hour ($10,844.75 divided by 14.25 = $761.04); *see also Faircloth v. Barnhart*, 398 F. Supp.2d 1169, 1173 (D. N.M. 2005) (compiling data on hourly fees awarded in the District of New Mexico under Section 406(b) which ranged from $232.12 to $448.43).

9. Because the amount of the attorney fee awarded Plaintiff pursuant to the EAJA, *i.e.*, $4,262.20, is smaller than the amount of the attorney fee to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $12,774.63, the amount of the EAJA fee must be refunded to Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal quotation marks and brackets omitted).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's *Motion for an Order Authorizing Attorney Fees With Supporting Memorandum (Doc. 34)* is **GRANTED**;

2. Plaintiff's counsel is awarded attorney fees in this matter in the amount of **$12,774.63** pursuant to 42 U.S.C. § 406(b); and

3. Upon payment of the § 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the attorney fee previously awarded in this matter pursuant to the EAJA in the amount of **$4,262.20**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**